THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OMEROS CORPORATION, a Washington corporation,

        Plaintiff,

v.

LEONARD BLUM, an individual,

        Defendant.

Case No. 2:18-cv-00908-RAJ

**DEFENDANT'S ANSWER, DEFENSES, AND COUNTER-CLAIM TO PLAINTIFF'S COMPLAINT**

Defendant Leonard Blum ("Defendant") answers Plaintiff Omeros Corporation's ("Plaintiff") Complaint as follows:

### PARTIES

1. Answering paragraph 1, Defendant admits the allegations contained therein.

2. Answering paragraph 2, Defendant admits that he resided in the State of Washington on a regular part-time basis from approximately March 2016 until May 11, 2018. Defendant has not resided in the State of Washington since May 11, 2018.

### JURISDICTION AND VENUE

3. Answering paragraph 3, Defendant admits that venue and jurisdiction over the parties and subject matter are proper in King County Superior Court.

### STATEMENT OF FACTS

4. Answering paragraph 4, Defendant admits the allegations contained therein.

5. Answering paragraph 5, Defendant admits the allegations contained therein.

DEFENDANT'S ANSWER, DEFENSES, AND COUNTER-CLAIM TO PLAINTIFF'S COMPLAINT - 1
Case No. 2:18-cv-00908-RAJ
131739.0001/7346561.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

6. Answering paragraph 6, Defendant admits the allegations contained therein.

7. Answering paragraph 7, Defendant admits the allegations contained therein.

8. Answering paragraph 8, Defendant admits the allegations contained therein.

9. Answering paragraph 9, Defendant admits the allegations contained therein.

10. Answering paragraph 10, Defendant admits the allegations contained therein.

11. Answering paragraph 11, Defendant admits the allegations contained therein.

12. Answering paragraph 12, Defendant admits the allegations contained therein.

13. Answering paragraph 13, Defendant admits that Defendant resigned his position with Plaintiff on May 11, 2018, effective May 12, 2018. Defendant admits that, following tender of his resignation notice, he accepted a position working for Eyepoint Pharmaceuticals, Inc. ("Eyepoint") as General Manager of Eyepoint's U.S. Business. Defendant denies that he is directly leading the sales, marketing, and commercial activities of Eyepoint.

14. Answering paragraph 14, Defendant admits the allegations contained therein.

15. Answering paragraph 15, Defendant denies the allegations contained therein.

16. Answering paragraph 16, Defendant admits that OMIDRIA contains phenylephrine HCl and ketorolac tromethamine. Defendant further admits that DEXYCU contains dexamethasone. Defendant admits that OMIDRIA is FDA approved and that, per the FDA-approved label, OMIDRIA is used: (A) during cataract surgery or intraocular lens replacement; and, (B) for (1) maintaining pupil size during surgery by preventing intraoperative miosis and (2) reducing postoperative pain; the OMIDRIA label does not indicate a usage for "reduction of inflammation following ocular surgery." Defendant further admits that OMIDRIA is administered during cataract surgery. Defendant admits that DEXYCU was FDA-approved in February 2018 and that, per the DEXYCU Label, DEXYCU is administered at the end of ocular surgery for the treatment of post-operative inflammation. For these reasons, and many others, Defendant specifically denies that OMIDRIA and DEXYCU are competitive products. All further allegations in paragraph 16 are also denied.

17. Answering paragraph 17, Defendant denies the allegations contained therein.

DEFENDANT'S ANSWER, DEFENSES, AND COUNTER-CLAIM TO PLAINTIFF'S COMPLAINT - 2
Case No. 2:18-cv-00908-RAJ
131739.0001/7346561.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

18.     Answering paragraph 18, Defendant admits he is not aware of any consent of Plaintiff to Defendant's employment with Eyepoint. All further allegations contained in paragraph 18 are denied.

19.     Answering paragraph 19, Defendant denies the allegations contained therein.

20.     Answering paragraph 20, Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations contained therein.

21.     Answering paragraph 21, Defendant denies the allegations contained therein.

22.     Answering paragraph 22, Defendant admits OMIDRIA and DEXYCU are not competitive. Defendant further admits that he stated that he would not directly solicit Omeros employees for one year. All further allegations contained in paragraph 22 are denied.

23.     Answering paragraph 23, Defendant admits that the PIIA contains language providing for extraordinary relief in court. Defendant denies that Plaintiff is entitled to any of the relief requested against Defendant, including extraordinary relief.

24.     Answering paragraph 24, Defendant admits the allegations contained therein.

### First Cause of Action: BREACH OF CONTRACT

25.     Answering paragraph 25, Defendant incorporates his responses to the allegations contained in paragraphs 1 through 24, above.

26.     Answering paragraph 26, Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations contained therein.

27.     Answering paragraph 27, Defendant admits the allegations contained therein.

28.     Answering paragraph 28, Defendant denies the allegations contained therein.

29.     Answering paragraph 29, Defendant denies the allegations contained therein.

### Second Cause of Action: VIOLATION OF THE UNIFORM TRADE SECRETS ACT (ch. 19.108 RCW)

30.     Answering paragraph 30, Defendant incorporates his responses to the allegations contained in paragraphs 1 through 29, above.

DEFENDANT'S ANSWER, DEFENSES, AND COUNTER-CLAIM TO PLAINTIFF'S COMPLAINT - 3
Case No. 2:18-cv-00908-RAJ
131739.0001/7346561.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

31. Answering paragraph 31, Defendant admits that he executed the PIIA. Defendant denies that all of the types of information listed are proprietary or confidential in nature. Defendant is otherwise without sufficient knowledge or information as to the truth or falsity of the statements contained therein and therefore denies same.

32. Answering paragraph 32, Defendant denies the allegations contained therein.

33. Answering paragraph 33, Defendant denies the allegations contained therein.

### Third Cause of Action: INJUNCTIVE RELIEF

34. Answering paragraph 34, Defendant incorporates his responses to the allegations contained in paragraphs 1 through 33, above.

35. Answering paragraph 35, Defendant denies the allegations contained therein.

36. Answering paragraph 36, Defendant denies that Plaintiff is entitled to any of the relief requested against Defendant, including extraordinary relief.

### PRAYER FOR RELIEF

37. Paragraphs 1(a)–(e) and 2–5 of the Prayer for Relief section of the Complaint contain Plaintiff's Prayer for Relief, which does not require a response. To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief requested against Defendant.

38. Any allegations not previously admitted in Paragraphs 1–37 are denied.

### ADDITIONAL DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims may be barred, in whole or in part, by acts or omissions that Plaintiff did engage in or may have engaged in.

3. Plaintiff's claims are barred, in whole or in part, because any alleged contract entered into between the Parties, or any provision thereof, was invalid.

4. Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no damages.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to

DEFENDANT'S ANSWER, DEFENSES, AND COUNTER-CLAIM TO PLAINTIFF'S COMPLAINT - 4
Case No. 2:18-cv-00908-RAJ
131739.0001/7346561.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

mitigate its damages.

6. Plaintiff's claims are barred, in whole and in part, because Plaintiff has unclean hands.

7. Plaintiff's claims are barred, in whole and in part, because Plaintiff materially breached its employment agreement and other agreements, both oral and written, with Defendant, the effect of which discharged Defendant from any further duty of performance.

8. Defendant reserves the right to assert additional defenses of which he becomes aware during the course of discovery.

## COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 13, Leonard Blum ("Counter-Plaintiff") asserts the following against Omeros Corporation ("Counter-Defendant"):

## JURISDICTION

1. This Court has jurisdiction over these counterclaims based upon complete diversity of citizenship under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.

2. Venue is proper in this district, under 28 U.S.C. § 1391(b) and (c).

## FACTUAL ALLEGATIONS

3. Counter-Plaintiff was hired by Counter-Defendant as its Chief Business and Commercial Officer in April 2016.

4. Upon hire, Counter-Plaintiff signed an offer letter, which stated:
> You will be eligible to participate in two bonus programs. The first is the corporate incentive bonus program with a target of 25% of base salary as may be approved each year by Omeros' Board of Directors. Secondarily, you will be eligible for up to $150,000 annual bonus based on mutually agreed sales targets in 2016, and annual targets thereafter. Any bonus is subject to your continued employment at the time the bonuses are paid out, may be adjusted based on merit and your start date, and is also subject to adjustment by Omeros' Board of Directors at its sole discretion.

Thus, Counter-Plaintiff was eligible for two annual bonuses in 2017: (1) 25 percent of base salary under corporate incentive bonus program ("Annual Incentive Bonus"), and (2) up to $150,000 sales bonus ("Annual Sales Bonus"). At the time that

DEFENDANT'S ANSWER, DEFENSES, AND COUNTER-CLAIM TO PLAINTIFF'S COMPLAINT - 5
Case No. 2:18-cv-00908-RAJ
131739.0001/7346561.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Counter-Plaintiff executed the offer letter, he reasonably believed that his Annual Incentive Bonus and Annual Sales Bonus would be paid within the first quarter following the applicable bonus year, consistent with commercial practice. During the recruitment process leading up to the time that Counter-Plaintiff executed the offer letter, no one from Omeros told him that Omeros had a history of holding bonus payments beyond a reasonable period based on commercial practice – in some circumstances, multiple years.

5. Upon information and belief, the conditions for Counter-Plaintiff to earn the 2017 Annual Incentive Bonus and the 2017 Annual Sales Bonus set forth in Counter-Plaintiff's offer letter were satisfied or excused. Counter-Plaintiff is informed and believes that Counter-Defendant's Board of Directors approved the applicable bonus percentage for 2017 Annual Incentive Bonus, but Defendant failed to remit payment of such accrued bonuses to Counter-Plaintiff, prior to his resignation on May 12, 2018. Counter-Plaintiff is further informed and believes that employees of Counter-Defendant received Annual Incentive Bonus payments shortly after his resignation, on May 30, 2018.

6. In addition, Counter-Defendant failed to develop mutually-agreed sales targets for the 2017 Annual Sales Bonus, as required by the offer letter. Regardless of the absence of such sales targets, Counter-Plaintiff's extraordinary sales efforts resulted in Counter-Defendant achieving sales for 2017 that met or exceeded reasonable and appropriate 2017 sales targets. As a result, Counter-Plaintiff submitted a proposal for payment of his 2017 Annual Sales Bonus. Counter-Plaintiff is informed and believes that his 2017 Annual Sales Bonus was accrued by Counter-Defendant. As such, Counter-Plaintiff has earned but has not been paid his 2017 Annual Sales Bonus.

7. Counter-Plaintiff resigned his employment in May 2018.

8. Counter-Plaintiff has demanded, but has not been paid any part of the bonuses owed to him for the year 2017. Counter-Defendant's refusal to pay Counter-Plaintiff the compensation he is owed is willful.

DEFENDANT'S ANSWER, DEFENSES, AND COUNTER-CLAIM TO PLAINTIFF'S COMPLAINT - 6
Case No. 2:18-cv-00908-RAJ
131739.0001/7346561.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

## FIRST CAUSE OF ACTION

### (Breach of Contract)

9. Counter-Plaintiff incorporates paragraphs 1 through 7, as more fully set forth above.

10. Counter-Plaintiff has fully satisfied all the terms, covenants, and conditions of his written offer letter with Counter-Defendant by performing the conditions of his employment to the best of his ability. Counter-Plaintiff was not terminated for cause, as that term is defined in his offer letter with Counter-Defendant.

11. Counter-Defendant expressly agreed that Counter-Plaintiff would receive, as a condition of his employment with Counter-Defendant, and upon certain additional conditions, a 2017 Annual Incentive Bonus. Such 2017 Annual Incentive Bonus is based upon the Counter-Defendant's economic performance for 2017. Upon information and belief, the Board of Directors of Counter-Defendant approved the applicable bonus percentage for 2017 prior to Counter-Plaintiff's resignation. Counter-Defendant has nonetheless delayed beyond a commercially-reasonable period of time in paying 2017 Annual Incentive Bonuses to its employees. Upon information and belief, such 2017 Annual Incentive Bonuses were approved by Counter-Defendant prior to Counter-Plaintiff's resignation and should have been paid to him. In the alternative, if the Board of Directors has failed to timely consider and determine the applicable bonus percentage for 2017, Counter-Defendant has breached the offer letter with Counter-Plaintiff by failing to do so. Counter-Plaintiff worked for Counter-Defendant throughout all of 2017 and up to and including May 11, 2018. He has therefore earned the 2017 Annual Incentive Bonuses set forth in his offer letter with Counter-Defendant.

12. In addition, Counter-Defendant failed to set mutually-agreeable sales targets for 2017; nonetheless Counter-Plaintiff achieved commercially reasonable sales targets for 2017, and has therefore earned his 2017 Annual Sales Bonus.

13. Counter-Defendant has breached the offer letter by failing and refusing to pay Counter-Plaintiff his earned 2017 bonuses.

DEFENDANT'S ANSWER, DEFENSES, AND COUNTER-CLAIM TO PLAINTIFF'S COMPLAINT - 7
Case No. 2:18-cv-00908-RAJ
131739.0001/7346561.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

14. As a direct and foreseeable result of Counter-Defendant's breach of the agreement, Counter-Plaintiff has suffered damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Breach of Duty of Good Faith and Fair Dealing)

15. Counter-Plaintiff incorporates paragraphs 1 through 14, as more fully set forth above.

16. Counter-Defendant has breached the duty of good faith and fair dealing in Counter-Plaintiff's offer letter by failing to have its Board of Directors timely determine the applicable bonus percentage for 2017, by failing to develop mutually-agreeable 2017 sales targets, and by failing to pay Counter-Plaintiff his earned 2017 bonuses within a commercially-reasonable period of time.

17. As a direct and foreseeable result of Counter-Defendant's breach of the duty of good faith and fair dealing, Counter-Plaintiff has suffered damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### (Fraudulent Inducement / Promissory Fraud)

18. Counter-Plaintiff incorporates paragraphs 1 through 17, as more fully set forth above.

19. In the course of negotiations concerning Counter-Plaintiff's bonus compensation and offer letter, Counter-Defendant omitted a material fact – that it had a practice of holding annual bonuses well past the commercially-reasonable first quarter of the year following the applicable bonus year, and instead had held some annual bonuses for months and years beyond a commercially reasonable period for payment. Counter-Plaintiff is informed and believes that Counter-Defendant intentionally omitted this information during the process of negotiating his offer letter in order to induce him to enter into the offer letter. Under the circumstances, Counter-Defendant had a duty to disclose this information and breached this duty. This omission was

DEFENDANT'S ANSWER, DEFENSES, AND COUNTER-CLAIM TO PLAINTIFF'S COMPLAINT - 8
Case No. 2:18-cv-00908-RAJ
131739.0001/7346561.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

knowing and material. The omission was material to Counter-Plaintiff because a large percentage of his compensation was to be paid through bonus compensation.

20. Counter-Defendant's material omissions as set forth herein constitute fraudulent inducement and/or promissory fraud. These material omissions have permitted Counter-Defendant to intentionally refuse and/or delay, beyond a commercially reasonable period of time, making bonus payments to Counter-Plaintiff (and others) that are owed and payable to him. These omissions were significant and material, and were intended to and did mislead Counter-Plaintiff. Counter-Plaintiff acted in reliance upon Counter-Defendant's material omissions and has suffered damages thereby, in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION

### (Willful Withholding of Wages)

21. Counter-Plaintiff incorporates paragraphs 1 through 20, as more fully set forth above.

22. As a result of Counter-Defendant's failure and refusal to pay Counter-Plaintiff his earned bonuses, Counter-Defendant's actions constitute a willful withholding of agreed-upon wages, in violation of RCW 49.52.050.

23. As a result of Counter-Defendant's willful withholding of Counter-Plaintiff's wages, Counter-Plaintiff is entitled to twice the amount of the wages unlawfully withheld, along with attorneys' fees and costs, pursuant to RCW 49.48.030 and 49.52.070.

24. As a direct and foreseeable result of Counter-Defendant's actions, Counter-Plaintiff has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff prays that the Court grant him the following relief:

a. Damages for breach of contract and/or breach of the implied covenant in an amount to be proven at trial;

b. Double damages for willful withholding of wages, pursuant to RCW

DEFENDANT'S ANSWER, DEFENSES, AND COUNTER-CLAIM TO PLAINTIFF'S COMPLAINT - 9
Case No. 2:18-cv-00908-RAJ
131739.0001/7346561.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

49.52.070;

c. Attorneys' fees and costs associated with this litigation, pursuant to RCW 49.52.070;

d. Prejudgment interest;

e. Increased payment to offset any additional income taxes triggered by judgment in his favor; and

f. Such other and further relief as this Court deems just and proper.

DATED this 21st day of June 2018.

LANE POWELL PC

By: /s/ Kelly M. Lipscomb
John S. Devlin III, WSBA No. 23988
devlinj@lanepowell.com
Kelly M. Lipscomb, WSBA No. 43022
lipscombk@lanepowell.com

Attorneys for Defendant Leonard Blum

DEFENDANT'S ANSWER, DEFENSES, AND COUNTER-CLAIM TO PLAINTIFF'S COMPLAINT - 10
Case No. 2:18-cv-00908-RAJ
131739.0001/7346561.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.  The NEF for the foregoing specifically identifies recipients of electronic notice.  I hereby certify that the following document was sent to the following CM/ECF participant:

Steven W. Fogg
Emily J. Harris
Corr Cronin Michelson Baumgardner Fogg & Moore LLP
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154-1051
sfogg@corrcronin.com
eharris@corrcronin.com

Robert J. Guite
Sheppard Mullin Richter & Hampton, LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
rguite@sheppardmullin.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Executed on the 21st day of June, 2018, at Seattle, Washington.

*Sabrina Mitchell*
Sabrina Mitchell

DEFENDANT'S ANSWER, DEFENSES, AND COUNTER-CLAIM TO PLAINTIFF'S COMPLAINT - 11
Case No. 2:18-cv-00908-RAJ
131739.0001/7346561.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107