HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OMEROS CORPORATION,

    Plaintiff,

v.

LEONARD BLUM,

    Defendant.

CASE NO. C18-908 RAJ

ORDER ON STIPULATED MOTION TO SEAL

This matter comes before the Court on the parties Stipulated Motion to Seal. Dkt. # 18. The parties seek permission to seal previously-filed portions of Defendant's Opposition to Plaintiff's Motion for Temporary Restraining Order and Declaration of Leonard Blum (Dkt. # 3-1 at 39-48, 49-52). *Id*. The parties rely on a subsequent order from the King County Superior Court sealing the identical portions in the state court docket, and argue that the Court should do the same on the federal docket. *Id*.

"There is a strong presumption of public access to the court's files." Western District of Washington Local Civil Rule ("LCR") 5(g). "Only in rare circumstances should a party file a motion, opposition, or reply under seal." LCR 5(g)(5). Under this Court's Local Rules, a document may be filed under seal in **only** two circumstances:

ORDER ON STIPULATED MOTION TO SEAL- 1

(A) if a statute, rule, or prior court order expressly authorizes the party to file the document under seal; or

(B) if the party files a motion or stipulated motion to seal the document before or at the same time the party files the sealed document. Filing a motion or stipulated motion to seal permits the party to file the document under seal without prior court approval pending the court's ruling on the motion to seal. The document will be kept under seal until the court determines whether it should remain sealed.

LCR 5(g)(2).

The Court agrees that, in theory, Plaintiff's proprietary and confidential commercial information should not be broadcast to the public at large. However, the documents the parties wish to seal were filed on June 20, 2018, and were publicly available for over a month before the Motion to Seal was filed. Dkt. ## 3-1, 18. The parties identify no previous "statute, rule, or prior court order" that would have permitted either party to file portions of Dkt. # 3-1 under seal. LCR 5(g)(2)(A). Moreover, this Court requires litigants to file a motion to seal "before or at the same time the party files the sealed document." LCR 5(g)(2). This Motion to Seal comes after the documents were already publicly available.

Accordingly, the parties' Motion to Seal is **DENIED WITHOUT PREJUDICE**. Dkt. # 18. **Should the parties wish to re-file this Motion, the parties are instructed do so within ten (10) days of this Order** with additional authority on why the Court should seal information that has already been made public.

Dated this 15th day of August, 2018.

The Honorable Richard A. Jones
United States District Judge